24-1165-cv
*Eubanks v. Hansell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-four.

PRESENT:
>  RICHARD C. WESLEY,
>  GERARD E. LYNCH,
>  MARIA ARAÚJO KAHN,
>      *Circuit Judges.*

_____

JAMAL EUBANKS, individually and as administrator of the Estate of JACE EUBANKS, deceased,

> *Plaintiff-Appellant,*

J.E., an infant, by his father and natural guardian, JAMAL EUBANKS,

> *Plaintiff,*

> v.                                                     24-1165-cv

DAVID HANSELL, former Commissioner, New York City Administration for Children's Services, JOHN AND JANE ROES, said names being fictitious and intended to represent individual attorneys, caseworkers, investigators, youth development specialists, members, agents, servants and/or employees of the New York City Administration for Children's Services, CITY OF NEW YORK, JOHN AND JANE DOES, said names being fictitious and intended to represent individual officers, members, agents, servants and/or employees of the New York City Police Department,[1]

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: DEREK S. SELLS, The Cochran Firm, PC, New York, NY.

FOR DEFENDANTS-APPELLEES: JAMISON R. DAVIES (Richard Dearing, Lorenzo Di Silvio, *on the brief*), Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from the March 27, 2024 judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 27, 2024, is **AFFIRMED**.

---

[1] The Clerk of the Court is respectfully directed to amend the caption accordingly.

Plaintiff-Appellant Jamal Eubanks appeals from the district court's dismissal of his claims arising out of the state's alleged failure to protect the life of his child. Eubanks contends that the district court erred by dismissing his Fourteenth Amendment substantive due process claim and his claim against the City of New York under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).[2] He also argues that the individual defendants are not entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

**BACKGROUND**

Eubanks is the father of decedent Jace Eubanks ("Decedent") and J.E. (collectively, "the children"). At all times relevant to this case, the children resided with their mother, Rickia Duvalle, and her boyfriend, Jerimiah Johnson, at Duvalle's residence.

On August 26, 2021, an employee at a daycare center reported that the children had visible signs of physical injuries and that the employee suspected the injuries were the result of child abuse. That same day, New York City Administration for Children's Services ("ACS") and/or New York Police Department ("NYPD") employees went to Duvalle's residence and brought her, Johnson, and the children to the ACS office for questioning about the children's injuries. During the interview, the ACS and/or NYPD

---

[2] After dismissing Eubanks's federal claims, the district court declined to exercise supplemental jurisdiction over his remaining state law claims. Eubanks does not challenge that decision.

3

employees "promised the children that they would protect them from harm." App'x 13. Once the interviews were complete, the children were returned to Duvalle's and Johnson's care. At or around the time of the interview, the ACS and/or NYPD employees also learned that Johnson had a history of abusing children and an outstanding warrant for violating conditions of supervised release based on pending charges of domestic violence involving children.

Three days later, ACS and/or NYPD employees conducted a follow-up visit to Duvalle's residence. Based on their observations, the ACS and/or NYPD employees permitted the children to remain in Duvalle's and Johnson's care. Tragically, on September 12, 2021, Johnson killed the Decedent by lifting him up and throwing him to the floor.

Eubanks then filed the instant action against ACS, the former ACS commissioner, the City of New York, and individual ACS and NYPD employees (collectively, "the Defendants"). The district court granted the Defendants' motion to dismiss, and this appeal followed.

**DISCUSSION**

"We review a district court's grant of a motion to dismiss the complaint on the pleadings *de novo* and construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (alterations adopted) (italicization

4

added) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (internal quotation marks omitted).

Eubanks contends that the Defendants' failure to stop Johnson's ultimately fatal abuse violated Eubanks's and the children's substantive due process rights. "[T]he Due Process Clause of the Fourteenth Amendment was intended to prevent [the] *government* 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (fourth alteration in original) (emphasis added) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)). "As a general matter," therefore, the Due Process Clause does not impose liability on the state for "fail[ing] to protect an individual against private violence." *Id.* at 197.

This Court has articulated two limited exceptions to that general rule: (1) the "special relationship exception" and (2) the "state-created danger exception." *Matican v. City of New York*, 524 F.3d 151, 155, 157 (2d Cir. 2008). As the district court correctly concluded, neither exception applies here.

First, the state may owe an individual an affirmative duty of protection when the state has created a "special relationship" with an individual. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993) (citing *DeShaney*, 489 U.S. at 198). "Special relationships arise ordinarily if a government actor has assumed an obligation to protect

5

an individual by restricting the individual's freedom in some manner, as by imprisonment." *Lombardi v. Whitman*, 485 F.3d 73, 79 n.3 (2d Cir. 2007); *see also Matican*, 524 F.3d at 156 ("[I]nvoluntary custody [is] the linchpin of any special relationship exception.").

Eubanks argues that once ACS and/or NYPD employees physically *"brought the Children"* to the ACS office, the Defendants created a "special relationship" with them. Appellant Br. at 23 (emphasis in original). But after the children were questioned at the ACS office, they returned to Duvalle's residence. Because the state "d[id] not become the permanent guarantor of [the children's] safety by having once offered [them] shelter," the "special relationship" exception does not apply. *See DeShaney*, 489 U.S. at 201.

Second, the state may be liable for failing to protect against private violence when a state actor "affirmatively create[s] or enhance[s] the danger of private violence." *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009). This Court has found such a "state-created danger" where "state officials communicate to a private person that he or she will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the life, liberty[,] or property of others." *Pena v. DePrisco*, 432 F.3d 98, 111 (2d Cir. 2005). Such communications can be explicit or implicit, but implicit state sanction of private violence generally requires "repeated, sustained inaction . . . rising to the level of [] affirmative condon[ation]." *Okin*, 577 F.3d at 428.

6

Eubanks contends that the Defendants implicitly communicated to Johnson that he would not face consequences for his continued abuse by releasing the children into Duvalle's and Johnson's care despite indications that Johnson was harming them. As *DeShaney* instructs, however, that allegation does not state a viable substantive due process claim. *See DeShaney*, 489 U.S. at 203 (finding no violation of due process for failing to guard against child abuse where "state functionaries . . . stood by and did nothing when suspicious circumstances dictated a more active role for them").

Nor has Eubanks plausibly alleged that the Defendants explicitly told Johnson that he could harm the children with impunity. Although Eubanks maintains that the Defendants "implicitly – and/or explicitly – communicated to Mr. Johnson that [they] w[ould] not interfere, arrest or punish him for his abuse," Appellant Br. at 26, he does not allege any specific communication that provided an explicit approval of Johnson's conduct. When, as here, a "complaint states that [the alleged] encouragement was explicit and implicit, but nothing in the text of the complaint supports the conclusory charge of *explicit* encouragement," the plaintiff fails to state a substantive due process claim. *Pena*, 432 F.3d at 110 n.15 (alternations adopted) (emphasis in original) (internal quotation marks and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." (alterations adopted) (internal quotation marks and citation omitted))

Because neither the "special relationship" nor the "state-created danger" exceptions apply here, the district court correctly dismissed Eubanks's substantive due process claim.[3]  For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] For that reason, we need not address whether the Defendants' behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).  And without an underlying constitutional violation, we also do not reach the issues of qualified immunity or *Monell* liability. *See DeShaney*, 489 U.S. at 202 n.10 ("Because we conclude that the Due Process Clause did not require the State to protect [the Decedent]," we "have no occasion to consider whether the individual respondents might be entitled to a qualified immunity defense, or whether the allegations in the complaint are sufficient to support a § 1983 claim against [the Defendants] under *Monell*." (citations omitted)).

8